UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. SKEENS JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 14-cv-05754 JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 18, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred in discounting the opinion of an evaluating physician without providing any specific and legitimate reasons supported by substantial evidence. Because the residual

functional capacity ("RFC") should have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, DONALD L. SKEENS, JR., was born in 1964 and was 37 years old on the alleged date of disability onset of October 19, 2001 (*see* AR. 159-65). Plaintiff completed high school with some special education classes (AR. 419). He has some work experience as a handyman/helper and copier operator (AR. 539-40). He was let go from his last job when he relapsed on drugs (AR. 420-21, 540).

According to the ALJ, plaintiff has at least the severe impairments of "right index finger contraction flexure residuals from neurovascular injury; right shoulder osteoarthritis; cognitive disorder and depression (20 CFR 404.1520(c) and 416.920(c))" (AR. 386).

At the time of the hearing, plaintiff was living in a trailer with his girlfriend (AR. 425).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 77-81). Plaintiff was found to be not disabled by an

ORDER ON PLAINTIFF'S COMPLAINT - 2

ALJ, and after the Appeals Council declined review, he filed a complaint in this Court (*see* AR. 14-31, 485-90, 491-92). The Court then remanded his claims for a new hearing (*see* AR. 493-525). Plaintiff's second hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on March 26, 2014 (*see* AR. 410-60). On May 22, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 380-409).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's RFC; and (5) Whether or not the ALJ erred by basing her step four and step five findings on an RFC assessment that did not include all of plaintiff's limitations (*see* Dkt. 18, p. 2). Because this Court reverses and remands the case based on issues 1, 4, and 5, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1)  **Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred by failing to mention the opinion of Dr. R. Bednarczyk, M.D. (*see* Opening Brief, Dkt. 18, p. 6). On October 21, 2005, Dr. Bednarczyk opined that plaintiff could not grasp with his right hand (*see* AR. 324-27).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642

F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the ALJ did not incorporate the grasping restriction opined by Dr. Bednarczyk into the RFC (*see* AR. 391). However, the ALJ failed to provide any explanation for rejecting this significant probative evidence (*see* AR. 397-99). The ALJ made no findings regarding Dr. Bednarczyk's opinion, did not assign weight to the opinion, and offered no specific and legitimate reasons for rejecting the opinion (*see id*.).

Defendant argues that the ALJ did acknowledge the opinion by including in her summary of the medical evidence that in October of 2005, "the claimant continued to show decreased range of motion of his right index finger, and inability to grasp with his right hand (7F5-6)" (*see* AR. 392; Defendant's Brief, Dkt. 19, p. 7). However, this acknowledgement is insufficient for the ALJ to reject the opinion without further discussion and interpretation of the conflicting evidence.

Defendant also argues that the ALJ did not err because Dr. Bednarczyk's opinion was short and conclusory, because the opinion of Dr. Mark Heilbrunn, M.D., is rightfully entitled to greater weight, and because plaintiff's daily activities were inconsistent with Dr. Bednarczyk's opinion (*see* Defendant's Brief, Dkt. 19, pp. 7-8). However, these are all *post hoc* rationalizations, not stated anywhere in the opinion by the ALJ. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (*citing SEC v. Chenery Corp*., 332 U.S.

194, 196 (1947) (other citation omitted)). To the extent that defendant is arguing that the ALJ could rightfully reject Dr. Bednarczyk's opinion without explanation because it is not significant, probative evidence, this argument also fails. The opinion is that of an examining physician who assessed a specific, work-related limitation that would affect plaintiff's RFC. The ALJ did not provide the necessary specific and legitimate reasons to discount this evidence.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Here, because the ALJ improperly rejected the opinion of Dr. Bednarczyk in assessing plaintiff's RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless. Defendant does not contend that plaintiff still would be able to perform the jobs identified by the ALJ at steps four and five if the limitation opined by Dr. Bednarczyk had been included into the hypothetical presented to the vocational expert. Furthermore, it does not appear likely that plaintiff could perform these jobs, given that the Dictionary of

Occupational Titles ("DOT") indicates that the jobs of photocopy machine operator, hotel motel housekeeper, folder, and table worker each require frequent handling, which includes grasping. *See* Selected Characteristics of Occupations Defined in the Revised DOT, http://onlineresources.wnylc.net/docs/SelectedCharacteristicsSearch121110.pdf, last visited July 21, 2015, pp. 132, 134, 203, 313, C-3.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

//

1 | **JUDGMENT** should be for plaintiff and the case should be closed.

2 | Dated this 21st day of July, 2015.

```
                                    J. Richard Creatura
                                    United States Magistrate Judge
```